IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SWILLIE, <br> ADC # 185166 | * <br> * <br> * | |
| Plaintiff, | * | |
| v. | * <br> * | No. 4:24-cv-01123-JJV |
| JACOB COOPER, Officer, <br> Faulkner County Detention, Unit 1 | * <br> * <br> * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Christopher Swillie ("Plaintiff") is a prisoner in the Arkansas Division of Correction who has filed a *pro se* Complaint alleging Defendant Officer Jacob Cooper violated his constitutional rights while he was in the Faulkner County Detention Center. (Doc. 1.) On January 29, 2025, I entered a Partial Recommended Disposition screening his Complaint, as required by 28 U.S.C. § 1915A. (Doc. 6.) On June 10, 2025, the parties consented to proceed before me. (Doc. 23.) Thus, the outstanding Partial Recommended Disposition is withdrawn and replaced with this Memorandum and Order.

**II.   SCREENING**

Plaintiff says on December 10, 2024, Defendant Cooper used excessive force by grabbing him, throwing him in a cell, and bruising his right arm and wrist. (Doc. 1.) I conclude, for screening purposes only, he has pled a plausible excessive force claim, under the Eighth

1

Amendment, against Defendant Cooper.[1]  Defendant Cooper has already been served and filed an Answer on that claim. (Docs. 14, 20.)  However, I find the remainder of the Complaint fails to plead plausible claims for the following reasons.

First, Plaintiff also says that during the December 10, 2024 incident Defendant Cooper whispered a racial slur in his ear.  Although clearly unprofessional, name calling and sporadic use of racially inappropriate language does not rise to the level of a constitutional violation. *See Glover v. Bostrom,* 31 F.4th 601, 605 (8th Cir. 2022); *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001).  Accordingly, this allegation does not plead a plausible claim for relief.

Second, it appears Plaintiff is saying Defendant Cooper committed the tort of slander, which is defamation by spoken word, when he used a racial slur.  To plead a plausible slander claim under Arkansas law, there must be facts suggesting, among other things, that the defendant "published" a defamatory and false statement about Plaintiff that injured his reputation.  *See Boellner v. Clinical Study Ctrs., LLC*, 378 S.W.3d 745, 757 (Ark. 2011); *Lancaster v. Red Robin Int'l, Inc.*, 386 S.W.3d 662, 668 (Ark. App. 2011).  The facts, as pled in the Complaint, do not suggest Defendant Cooper "published" the racial slur when he whispered it in Plaintiff's ear.  *See Watkins v. Ark. Dept. of Agric.*, 560 S.W.3d 814, 823 (Ark. 2018) (to be actionable, the defamatory statement "must be published or communicated to a third person").  Thus, Plaintiff has not pled a plausible slander claim under Arkansas law.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1.   The January 29, 2025, Partial Recommended Disposition (Doc. 6) is

---

[1] Because it appears from the Complaint Plaintiff was a convicted prisoner at the time force was used, his excessive force claim falls under the Eighth Amendment.  However, if he was a pretrial detainee, the parties should so clarify.

WITHDRAWN.

2. Plaintiff may proceed with his excessive force claim against Defendant Cooper, and all other claims against him are DISMISSED without prejudice.

3. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would not be taken in good faith.

DATED this 23rd day of June 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE