IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SWILLIE | * | |
| ADC #185166 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:24-cv-01123-JJV |
| | * | |
| JACOB COOPER, | * | |
| *Officer, Faulkner County Detention, Unit 1* | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

Christopher Swillie ("Plaintiff") is a prisoner in the Arkansas Division of Correction ("ADC") who has filed a pro se Complaint alleging Defendant Officer Jacob Cooper violated his rights while he was in the Faulkner County Detention Center. (Doc. 1.) Plaintiff says that on December 10, 2024, Defendant Cooper used excessive force by grabbing him, throwing him in a cell, and bruising his right arm and wrist. (*Id* at 4.)

Defendant has now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies against him. (Doc. Nos. 25-27.) Mr. Swillie has not responded, despite the Court warning him of the consequences of failing to respond. (Doc. No. 28.) The matter is now ripe for a decision. After careful review, for the reasons explained below, Defendant's Motion for Summary Judgment is granted, and Plaintiff's case is dismissed without prejudice.

**II.     SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial. *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

### III.    ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The Faulkner County Detention Center had in place a grievance procedure that, under the PLRA, Plaintiff was required to exhaust before filing suit. (Doc. No. 27-1 at 10-12.) According to the Grievance Procedure, "any detention officer can hand out a grievance form" but "[i]t is the lieutenants [*sic*] job to answer inmate grievances." (*Id.* at 11.) "Grievances are reviewed

immediately upon receipt to determine urgency." (*Id.*)  Responses are provided in writing within ten (10) working days.  (*Id.*)  If the inmate was not satisfied with the response to the grievance, he could appeal the decision "to the next level in the chain of command." (*Id.*at 12.)  Importantly, the policy states, "All grievances and responses, dated and signed, are placed in the grievant's jail file.  If the inmate [is released from the jail], the lieutenant must still answer the grievance." (*Id.*)

The defense states, "The Plaintiff was incarcerated at the Faulkner County Detention Center for approximately seven days and failed to submit any grievances regarding the claims in his complaint. In fact, the Plaintiff did not submit any grievances during his incarceration." (Doc. No. 27 at 1.)  In support of their argument, they submitted the Declaration of Faulkner County Detention Center Administrator Christopher Watkins.  (Doc. No. 27-1.) Mr. Watkins says, "the Plaintiff had access to the grievance kiosk and/or paper grievances and failed to file any throughout his incarceration." (*Id.* at 1.)

As explained above, the PLRA requires exhaustion.  Where, as here, Defendant has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).  The evidence shows Plaintiff failed to exhaust his § 1983 claim against Defendant Cooper.  Because Plaintiff has not come forward with proof that he did, in fact, exhaust his claim before he sued Defendant Cooper, summary judgment in Defendant's favor is appropriate. I realize Plaintiff may perceive this conclusion as an unfairly technical "gotcha" mechanism to keep him out of court.  To the contrary, the exhaustion requirement plays a critical role in the remedy process, which the Eighth Circuit has explained as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate,

thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 89 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 25) is GRANTED.

2. Plaintiff's Complaint (Doc. No. 1) is DISMISSED without prejudice for failure to exhaust administrative remedies.

3. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

Dated this 20th day of August 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE